LENARD E. SCHWARTZER
6655 W. Sahara Avenue, Suite B200-107
Las Vegas, NV 89146
(702) 307-2022

TRUSTEE

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>JOAQUIN VELAZCO DIAZ,<br>Debtor | Case No. BK-S-24-15319-NMC<br><br>CHAPTER 7<br><br>Adv. Proc. No._____ |
| LENARD E. SCHWARTZER,<br>Plaintiff,<br>Vs.<br>JOAQUIN VELAZCO DIAZ,<br>Defendant | COMPLAINT SEEKING REVOCATION OF DISCHARGE PURSUANT TO BANKRUPTCY CODE §727(d)(3) |

LENARD E. SCHWARTZER ("Trustee"), as plaintiff in the above-captioned adversary proceeding, files this Complaint to revoke the discharge of JOAQUIN VELAZCO DIAZ, ("Debtor") and respectfully alleges, upon knowledge, information, and belief, as follows:

## NATURE OF THE ACTION

1. This adversary proceeding is brought to revoke the discharge entered on January 14, 2025 in the Chapter 7 bankruptcy case of Debtor, Case Number BK-S-24-15319-NMC ("Bankruptcy Case"), pending in the U.S. Bankruptcy Court for the District of Nevada ("Bankruptcy Court"). The discharge should be revoked pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the Bankruptcy Case pending in the Bankruptcy Court pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This action is brought as an adversary proceeding pursuant to Rule 7001(d) of the Federal Rules of Bankruptcy Procedure related to the bankruptcy cases pending before this Court.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Trustee consents to the entry of final orders or judgment by the Court in this adversary proceeding.

6. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## PARTIES

7. Plaintiff is the chapter 7 trustee for the Debtor, duly appointed under section 701 of the Bankruptcy Code by the United States Trustee.

8. Defendant is an individual and is the chapter 7 debtor in the Bankruptcy Case pending before this Bankruptcy Court.

## FACTUAL BACKGROUND

9. This case commenced by the Debtor's filing of a Chapter 7 petition on October 11 2024 and LENARD E. SCHWARTZER is the duly appointed Chapter 7 trustee.

10. An asset of the estate is the non-exempt portion of the Debtor's 100% ownership of Dalejo Transport, LLC (the "LLC").

11. The Debtor's Schedule C claimed the following exemptions:

    a.  Dalejo Transport, LLC.   $10,000.00   NRS 21.090 (1)(d)
    b.  Dalejo Transport, LLC.   $5,483.00    NRS 21.090 (1)(z)

12. On February 21, 2025, this Court entered an Order determining that the Debtor's Claim of Exemption of $5,493.00 was disallowed.

13. By Order entered May 29, 2025 the Debtor was to appear at the Trustee's office on June 11, 2025 for a 2004 examination to discuss his assets, debts, income and expenses and pursuant to a Subpoena issued by this Court, the Debtor was ordered to produce the following:

> Copies of any and all of the following documents, **including but not limited** to: Certificate of title of vehicle, Certificate of Insurance of vehicle, Mileage records of records of vehicle owned by the Debtor or LLC, Maintenance Records of vehicle owned by the Debtor or LLC, Keys to the vehicle, and location of vehicle for inspection

14. Counsel for Debtor advised that the Debtor was still gathering the documents for the hearing and requested a continuance to June 18, 2025.

15. On June 18, 2025, Counsel advised his client would submit payment for the non-exempt assets, but needed a payment plan. The 2004 examination was continued to July 16, 2025 to allow time for a stipulation and order to be signed and filed with the Court.

16. Trustee sent a reminder email to Counsel on July 11th regarding the signing of the stipulation and order.

17.. On July 16, 2025 the Debtor and his Counsel did not appear for the continued 2004 examination.

18. The Debtor has failed and refused to provide the Trustee with the assets and records of the business of Dalejo Transport, LLC.

19. On July 29, 2024, Trustee moved this Court for an order compelling the turnover of Debtor's assets of Dalejo Transport, LLC. including the tow truck associated with the business and the records of that business.

20. On September 4, 2025, this Court entered an order granting the Trustee's motion (the "Turnover Order") which stated:

> IT IS HEREBY ORDERED as follows:
> 1. The Debtor is to turnover to the Trustee the following:
>    a. All assets of Dalejo Transport, LLC. including keys, passwords and documents to any and all items being turned over.
>    b. All records of Dalejo Transport, LLC. including bank records, and tax returns
>    c. The tow- truck used in the business of Dalejo Transport, LLC.
> 2. These items must be turned over to the Trustee within ten (10) days of this Order.

21. Trustee has sent Debtor's counsel multiple requests for compliance with the Court's orders.

22. The Debtor has not complied with the Court's orders to appear for a 2004 examination, to provide documents relevant to the administration of the bankruptcy estate and to turnover documents and a truck.

**COUNT I**

**For a Determination That Defendant's Discharge is Revocable Pursuant to**

**11 U.S.C. § 727(d)(3)**

23. Plaintiff repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1. through 20 of the Complaint as though fully set forth in this first cause of action.

24. Debtor failed and refused to appear at a 2004 examination to answer questions material to the administration of the estate.

25 Debtor failed and refused to comply a subpoena to produce documents.

26. Debtor failed and refused to obey a lawful court order for turnover of documents and assets.

27. Defendant's refusal was not based upon the Fifth Amendment privilege against self-incrimination.

**CONCLUSION**

Trustee respectfully requests this Court to enter an Order revoking Defendant's Chapter 7 discharge under 11 U.S.C. § 727(d)(3) and for such further relief as this Court deems appropriate.

Dated December 3, 2025

LENARD E. SCHWARTZER
Trustee